UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN TORCH TIP COMPANY,

    Plaintiff,

v.                                                CASE NO.: 8:11-cv-202-T-23EAJ

DYKEMA GOSSETT PLLC, et al.,

    Defendants.
                                               /

## **ORDER**

American Torch Tip Company ("ATTC") moves (Doc. 19) to strike portions of Dykema Gossett, PLLC's ("Dykema"), answer. (Doc. 14) Dykema responds (Doc. 27) in opposition.

In 2005 Hypertherm, Inc., sued ATTC for patent infringement, and ATTC hired Dykema for legal representation. The Hypertherm litigation resulted in a settlement disadvantageous to ATTC, and ATTC sues Dykema for legal malpractice. The complaint (Doc. 1) alleges that Dykema negligently caused, among other problems, the preclusion of an expert witness and other important evidence.

The answer contains paragraph-by-paragraph denials of the complaint followed by twenty-one defenses. ATTC moves to strike Dykema's first, third, fourth, fifth, seventh, eighth, ninth, and sixteenth defenses (together, "the defenses"). The first defense asserts that "Dykema acted at all times in accordance with the applicable

standard of care." (Doc. 14 ¶ 47)  The third asserts that ATTC committed the infringement alleged by Hypertherm.[1]  The fourth and fifth assert that Dykema retained a qualified expert for the Hypertherm litigation.[2]  The seventh and ninth assert that Dykema properly advised ATTC on the application to the Hypertherm litigation of an earlier settlement agreement between ATTC and Hypertherm.[3]  The eighth asserts that ATTC could have succeeded at trial without the excluded evidence.[4]  Finally, the sixteenth defense asserts Dykema decided debatable points of law in good faith.[5]

Rule 12(f), Federal Rules of Civil Procedure, allows the "strik[ing] from a pleading [of] an insufficient defense or any redundant [or] immaterial . . . matter."  Striking portions of a pleading is a "drastic remedy."  2 James Wm. Moore, et al., Moore's Federal Practice § 12.37[1] (3d ed.).  Material that has "no possible relationship to the

---

[1] "Third Defense: Plaintiff repeatedly and willfully infringed Hypertherm's patents, including the patents litigated in the underlying suit.  Plaintiff's alleged damages are the consequence of its wrongful conduct, not any acts or omissions of Dykema."  (Doc. 14 ¶ 49)

[2] "Fourth Defense: James Sprague was qualified to serve as Plaintiff's technical expert.  The underlying court's order to the contrary was erroneous, and Plaintiff abandoned its claim by failing to appeal that order.

"Fifth Defense: James Sprague was qualified to serve as Plaintiff's technical expert under the case law existing at the time he was retained."  (Doc. 14 ¶¶ 50-51)

[3] "Seventh Defense: Dykema advised Plaintiff that its prior settlement with Hypertherm would be a problem in the underlying case, not an insurmountable obstacle.  That advice was accurate.
. . . .

"Ninth Defense: If the documents and records show that one or more of Hypertherm's patents is invalid, Plaintiff could have invalidated those patents by asking the Patent and Trademark Office to reexamine them.  That option rendered moot Plaintiff's alleged inability to prove the patent's invalidity in the underlying case." (Doc. 14 ¶¶ 53, 55)

[4] "Eighth Defense: Plaintiff could have proved its invalidity defense at trial without the evidence that the court excluded."  (Doc. 14 ¶ 54)

[5] "Sixteenth Defense: Some or all of Plaintiff's claims are barred by the doctrine of judgmental immunity."  (Doc. 14 ¶ 62)

controversy," that "may confuse the issues," or that will "otherwise prejudice a party" is stricken. U.S. ex. rel. Chabot v. MLU Services, Inc., 544 F.Supp.2d 1326, 1330 (M.D. Fla. 2008) (quotation omitted); see also Poston v. American President Lines, Ltd., 452 F.Supp. 568, 571-72 (S.D. Fla. 1978). A "patently frivolous" or "clearly invalid" defense is stricken. Morrison v. Executive Aircraft Refinishing, Inc., 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005).

No settled rule governs whether to strike a defense that addresses an allegation already contested in a paragraph-by-paragraph denial. Compare Bahena v. American Voyager Indem. Ins. Co., 2007 WL 2121224 (M.D. Fla. 2007) (Bucklew, J.) (declining to strike additional defenses that repeat denials) and Rhodes v. U.S., 2006 WL 1208020 (M.D. Fla. 2006) (Merryday, J.) with, e.g., Pena v. Coastal QSR, LLC, 2010 WL 1838264 at *3 (M.D. Fla. 2010) (Steele, J.) (striking additional defenses that repeat denials).

Each contested defense by Dykema is, even if ultimately unsuccessful, at least relevant to the action. Further, each defense responds to an identifiable allegation in the complaint.[6] The defenses present Dykema's denials in more detail than Rule 8(b) requires; the extra information, however, is no reason for the "extreme measure" of striking the defenses. See Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) (per curium); Augustus v. Board of Public Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962).

---

[6] ATTC even states which paragraphs of the complaint six of the eight defenses challenge. ATTC does not provide relevant paragraphs from the complaint for Dykema's fourth and fifth defenses, but those defenses unambiguously contest ATTC's allegation that Dykema's expert witness was unqualified. See (Doc. 14 ¶¶ 50-51)

ATTC moves to strike another defense, the nineteenth (Doc. 14 ¶ 65), for failing to contain sufficient facts.  Dykema agrees to amend the nineteenth defense.

The motion (Doc. 19) to strike is **GRANTED IN PART** to the extent that the nineteenth defense is **STRICKEN**.  Dykema may file an amended nineteenth defense by **June 24, 2011**.  The motion is otherwise **DENIED**.

ORDERED in Tampa, Florida, on June 16, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE